■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. J. MILFORD KIRKUP, JR., Appellant.— Appeal by defendant: (1) from a judgment of the Extraordinary Special and Trial Term of the Supreme Court, Suffolk County, rendered October 26, 1959, convicting him, after a jury trial, on one count of conspiracy to cheat and defraud, as a misdemeanor (Penal Law, § 580, subds. 1, 4, 6) and on 20 counts of aiding another in obtaining property in the possession of the County of Suffolk (Penal Law, § 1864), and sentencing him to serve a term of 90 days in the Suffolk County Jail on each of said counts, said sentences to run concurrently; and (2) from every intermediate order made in the action. Judgment reversed on the law and new trial granted. The findings of fact below are affirmed. No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment. The proof in support of the indictments was sufficient under the law as previously established in this case (People v. Kirkup, 4 N Y 2d 209). The judgment must be reversed, however, for the sole reason that defendant was not accorded a fair trial. Defendant was charged, as a public officer, with permitting the shipment of drugs to a county institution as the ostensible purchaser so that certain drugstore proprietors, the actual purchasers, could have the benefit of an institutional discount. As the lengthy trial neared its conclusion on October 6, 1959, the prosecutor sought and obtained, over defendant's objection, the trial court's permission to cross-examine him again on the basis of an undisclosed letter, in order to show his control over the institution. The cross-examination proceeded with respect to the purchase of meat for the institution. Then the prosecutor turned to the purchase of bread. Defendant testified that the chef at the institution ordered the bread. Then the prosecutor asked defendant if he knew a man named John Hulsen. Mr. Hulsen was a political leader in the Town of Huntington who, on May 25, 1959, at the same Extraordinary Term of the Supreme Court, had been convicted of the crimes of conspiracy, attempted extortion and coercion; such conviction, however, having been

reversed on July 20, 1960 by this court (*People* v. *Hulsen*, 11 A D 2d 816, affd. 9 N Y 2d 730). Prior to his conviction, Hulsen had also been tried on a similar charge. With this background and with defendant acknowledging that he knew Hulsen, the prosecutor confronted defendant with a paper which the prosecutor described before the jury as a letter from Hulsen in connection with the selection of a named bakery to supply bread to the institution. The defendant, after his objection had been overruled, testified that his memory was refreshed. The prosecutor persisted by asking if, after receiving the communication from Hulsen, the designated baker was then selected to supply bread. Objection was sustained. At the conclusion of the session on that day (Oct. 6, 1959), which marked the end of the entire testimony, the prosecutor distributed to newspaper reporters in the courtroom copies of the letter to which he had referred and which he had characterized. On the following day, October 7, 1959, the prosecutor withdrew his tentative assent to submission of the case to the jury on that day. Thereafter, on that very day, two well-known Long Island newspapers printed an article with respect to the trial, in which it was stated that in the letter Hulsen purportedly requested defendant to buy bread from a designated baker; that an official of the designated baker is under indictment involving a bread-purchasing arrangement at the county jail; and that Hulsen had urged the defendant to advise him in advance if a change in purchasing bread is contemplated so that he might take up the matter with one Hughes. The trial court did all in its power to minimize any possible mischief. The lone juror who admitted having read the newspaper article was replaced by the alternate juror. But the damage had been done. The subject of bread purchases had not the remotest connection with the issues at the trial of this defendant. The prosecutor deliberately sought to connect the defendant with the well-known Mr. Hulsen, and to show that both had had some illicit arrangement with respect to the supplying of bread for public institutions in Suffolk County. Such misconduct by the prosecutor, coupled with the sequence of the events, was so prejudicial as to deprive the defendant of a fair trial. Nolan, P. J., Beldock, Ughetta, Pette and Brennan, JJ., concur.